Frances SQUIRES, Defendant Below, Appellant,

v.

The STATE of Delaware, Plaintiff Below, Appellee.

No. 421970.

Supreme Court of Delaware.

April 27, 1971.

Stephen B. Potter, of Sullivan, Potter & Roeberg, Wilmington, for appellant.

Richard H. Schliem, III, Deputy Atty. Gen., for appellee.

Richard E. Poole, of Potter, Anderson & Corroon, Wilmington, for the American Civil Liberties Union, amicus curiae.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

. CAREY, Justice.

This is an appeal by Frances Squires, defendant below, who was found guilty of violating the Delaware Riot Act, 11 Del.C. § 363.*

In April, 1968, there had been a continuing series of racial disturbances in the City of Wilmington. On April 13, 1968, a number of Wilmington police responded to a "policeman in trouble" call, and found that a large noisy crowd had gathered around an intersection of the city. As the police were beginning to move to disperse the crowd, the attention of at least two officers focused on a man shouting from the doorway of a nearby bar.

The officers asked this gentleman to go back inside the bar and when he refused, attempted to arrest him, but encountered some difficulty. He went inside the bar, and there a "tug of war" developed between the police, trying to pull the man from the bar, and several patrons, trying to prevent him from being removed. The officers resorted to using their billy clubs to subdue the man. Two of the officers testified that, during the fracas in the bar, they saw and heard appellant Squires, an employee of the bar, shout obscene remarks intended to excite the patrons, to cause the patrons to prevent the arrest, and to encourage them to harm the police. The appellant was later arrested on a charge of riot under T. 11 § 363. The indictment charged that she committed a riot "by participating with two or more persons in a course of disorderly conduct, to wit: making an unreasonable noise and offensively coarse utterance and addressing abusive language to Wilmington Police Officers, with intent to prevent official action, to wit: dispersal by members of the Wilmington Police Department of a crowd of more than 10 persons," etc.

At the trial, appellant moved for a judgment of acquittal. This motion was denied

---

* 11 Del.C. § 363 provides, in pertinent part:
(a) A person is guilty of riot when he participates with 2 or more persons in a course of disorderly conduct:
"(1) with intent to commit or facilitate the commission of a felony or misdemeanor; or

"(2) with intent to prevent or coerce official action; or
"(3) when the accused or any other participant to the knowledge of the accused uses or plans to use a firearm or other deadly weapon."

and she was convicted of the charge. We reverse the conviction.

■ Despite some of the language allegedly used by the appellant during the struggle inside the barroom proper, we find no substantial evidence of intent on the part of appellant to prevent the police from dispersing an unlawful crowd. Appellant's outbursts seem to have been motivated by concern for the welfare of the arrestee. She knew that he was recovering from a recent head injury, that a metal plate had been inserted in his skull, and that a blow to his head could cause his death. The police of course did not know this. The only substantial evidence in the record shows her purpose to be to prevent the police from harming the arrestee. Accordingly, we hold that it was error to deny the appellant's motion for a judgment of acquittal. She may or may not have been guilty of some other lesser offense or offenses, but the evidence does not support a conviction of the crime as charged.

■ In State v. Ayers, Del.Supr., 260 A.2d 162 (1969), we discussed the Riot Act, 11 Del.C. § 363, at some length, pointing out that the object of the Act is to prevent " * * * rioting, burning, and violence in the public streets." This language was construed in the Court below to mean that the Riot Act involves disorderly conduct in *public* places only. This is incorrect. The Delaware Riot Act is applicable to any disorderly conduct, as defined therein, which may reasonably be likely to inflame a crowd to riot and destroy, wheresoever that disorderly conduct or riot may occur. If the disorderly conduct in a given case may reasonably be considered to inflame a crowd to engage in rioting, burning, or violence, then the conduct is actionable under the Delaware Riot Act. We do not reach the other points raised by counsel.

The judgment of the Superior Court will be reversed.